HEARD NOVEMBER TERM, 1877.

## BOLIVAR *vs.* ZEIGLER.

In an action against a purchaser of lands on a bond given to the Sheriff under a sale made under a decree for partition, it is a valid defense that the parties to the action for partition had no title.

The rule *caveat emptor* does not apply to sales by the Sheriff under a decree for partition.

BEFORE COOKE, J., AT ORANGEBURG, MAY TERM, 1877.

George Bolivar, Clerk, and assignee of the Sheriff, against Jane M. Zeigler, defendant. Action on a bond given to the Sheriff by the defendant for the purchase money of land sold under a decree for partition. The defendant, by her answer to the complaint, alleged that she purchased the lands from the Sheriff at a sale for partition made under a decree of the Court, and that the bond sued on was given for the purchase money, and that the parties to the action for partition had no title to the land sold. The plaintiff demurred on the ground that the answer set forth no defense to the action. His Honor sustained the demurrer and the defendant appealed.

*Whaley,* for appellant.

*DeTreville,* contra.

March 9, 1878. The opinion of the Court was delivered by

McIVER, A. J. This was an action upon a bond given for the balance of the purchase money of land sold for partition under an order of the Court of Common Pleas. The defense set up by the answer was a failure of consideration, the allegation being that, by proper proceedings in the Court of Common Pleas, to which the plaintiff was a party, it had been adjudged that the persons as whose property the land had been sold for partition had no title, and the land had been ordered to be resold and the proceeds paid over to the Receiver of the estate to which the land was adjudged to have belonged. The plaintiff demurred upon the ground that the answer does not state facts sufficient to constitute a defense, and the Circuit Judge having sustained the demurrer and given judgment for the plaintiff, the defendant now moves to set aside that judgment. Whatever doubts may have been once entertained as

to whether the doctrine of *caveat emptor* applied to sales made by the Commissioner in Equity, those doubts were finally settled by the principles established by the case of *The Commissioner* vs. *Smith,* (9 Rich., 515,) and there can be now no doubt that this maxim does not apply to such sales, and, therefore, that the defense here set up, if established on the trial, will be a sufficient defense to the action. For although the sale in this case was made by the Sheriff, yet it was not a compulsory sale, under process of execution, where the rule of *caveat emptor* does apply, but a sale for partition, at the instance of the parties, and must be governed by the same principles as applied to such sales when made by the Commissioner in Equity. The Circuit Judge therefore erred in sustaining the demurrer, and his order and judgment must be set aside and the case remanded to the Circuit Court for trial. The motion is granted.

*Willard,* C. J., and *Haskell,* A. J., concurred.